**HENDON v. PORTER, Price Administrator.**

No. 297.

United States Emergency Court of Appeals.

Heard at Birmingham April 11, 1946.

Decided May 24, 1946.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

Lawrence Dumas, Jr., of Birmingham, Ala., for complainant.

Seymour Friedman, Sp. Asst. to Associate General Counsel, Office of Price Administration, of Arlington, Va. (Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen. Counsel, and Joseph Brenner, Atty., all of Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

MAGRUDER, Judge.

Barbara P. Hendon, complainant herein, is the operator of a parking lot in Birmingham, Alabama. As such she is subject to Revised Maximum Price Regulation No. 165 (9 F.R. 7439), § 4 of which establishes as the maximum prices for her parking services the highest prices charged for the same services in March, 1942. In that period complainant had in effect the following rates for her parking lot: 10 cents for parking one hour or less; 15 cents for all-day or unlimited parking. These became her maximum prices under the regulation.

The parking lot in question is situated downtown, about two and one half blocks from the center of the shopping district but near by a hotel, an office building, and a theater. In practice not over five per cent of the customers have used the lot for

short-term parking at the 10-cent rate, because there are other parking lots located more conveniently to the shopping area. Ninety-five per cent or more of the customers habitually have parked in complainant's lot all day, or at least for periods in excess of one hour, at the 15-cent rate. Complainant has had in a shed on the lot an attendant whose particular duty it was to operate a time clock punch card machine for recording on a card given to each parker the time of arrival and departure.

Complainant undertook to discontinue the one-hour parking service and to maintain only the single service of unlimited parking at the 15-cent rate. Her avowed reasons for making the change were as follows: (1) The simplified operation was more economical and would require fewer employees; (2) a one-rate system would eliminate petty pilferage by employees who might, under the two-rate system, charge for the 15-cent service and account to complainant as for the 10-cent service; (3) better service could be rendered to the all-day parkers constituting the greater part of complainant's customers by reserving the whole area of the parking lot to their exclusive use.

Under date of June 21, 1945, the District Director, Office of Price Administration, sent to complainant, pursuant to § 205(f) (2) of the Act, 50 U.S.C.A.Appendix, § 925(f) (2), a license warning notice reciting as follows: "You have increased your prices charged for parking in violation of Section 2 of Revised Maximum Price Regulation 165, as amended, in that you have discontinued your 10¢ for two hours parking rate and are charging 15¢ to customers parking for less than two hours." [1]

On August 27, 1945, complainant filed a protest against § 4 of RMPR 165 "insofar as it can properly and legally be construed or interpreted as prohibiting protestant from discontinuing one hour parking services." The principal ground of objection was that the regulation as so interpreted conflicted with § 4(d) of the Act, 50 U.S.C.A.Appendix, § 904(d), reading: "Nothing in this Act shall be construed to re-

quire any person to sell any commodity or to offer any accommodations for rent." The protest recited that protestant "does not intend to park automobiles for less than an hour but to specialize in the long term, all day parking service," leaving parkers who desire to park for one hour or less free to park in other lots located nearer to the shopping center. "A sign will proclaim that the lot no longer furnishes the one hour service."

By order issued December 20, 1945, the Administrator denied the protest, after which the present complaint was filed.

In his opinion, the Administrator referred to Revised Supplementary Service Regulation No. 18, issued November 26, 1943 (8 F.R. 16165), which, as explained by the Administrator, was designed to formalize and expand interpretations previously given to RMPR 165. RSSR 18 stated: "A seller who is subject to Maximum Price Regulation No. 165 and who discontinues or fails to supply a service for which a maximum price is established under that regulation and sells or offers to sell in its place a higher priced service is evading the Emergency Price Control Act of 1942 as amended, and is violating Maximum Price Regulation No. 165." It also prescribed procedure for applying for permission to discontinue a service and offer in its place a higher priced service, under certain restricted conditions. The Administrator's opinion characterizes complainant's proposed new method of operation as follows: "Protestant does not state that she proposes to prevent anyone from parking for one hour or less. She simply desires to charge such parkers the full day rate by withdrawing the rate for one hour or less. Thus, she cannot validly claim that she is being compelled to offer one-hour parking over her desires to discontinue it. The interpretation of Section 4 of Revised Maximum Price Regulation No. 165 has the effect only of preventing her from charging one hour parking customers a higher rate." Further, the opinion states: "The fact remains that those users of Protestant's parking lot who desire to

[1] As above appears this statement is inaccurate, for complainant never had a two-hour parking rate.

park for one hour or less will, under Protestant's proposal, have to pay 15¢ instead of 10¢ for that service. This would constitute an unwarranted price increase which the Administrator is obligated to prevent under the Act." To the same effect, the Administrator states in his brief: "The only requirement which has been imposed is that so long as a customer of Complainant actually receives only a short-term, rather than a long-term, parking service, the charge therefor be the same as that made in the base period."

If the foregoing is a correct analysis of what complainant proposes to do, the case falls squarely within our decision in Buckeye Parking Corp. v. Bowles, Em.App.1944, 141 F.2d 692. There the operator of a parking lot had, in March, 1942, a minimum charge of 17 cents for one hour or less. This became the maximum price for such service. The operator proposed to raise the minimum charge to 20 cents for one hour and ten minutes. Thus, a person desiring to park for one hour or less would have to pay three cents more than the freeze date charge. We said (141 F.2d at page 694):

"Since the installation of the proposed schedules would result in higher charges to some parkers, we are of opinion that the Administrator had the right to prevent it . . . It is immaterial that the per minute rate to be charged under the proposed schedules would be the same as it was formerly; the amount the purchaser pays, not the method of its calculation, is the test as to whether there is an increased charge or not. The selling of time for which the purchaser would have no use would not make the higher rate any less an increase in price. The customer would have to pay an additional amount which he did not have to pay on the maximum price date, in March 1942, and such additional payment, like any other increase in price, would have an inflationary effect inconsistent with the purposes of the Emergency Price Control Act."

In reply to the contention in the Buckeye case that the regulation as interpreted ran afoul of § 4(d) of the Act in that it prevented the parking lot operator from dis-continuing its one-hour service, we said (141 F.2d at page 696):

"The answer to this contention obviously is that the Administrator is not interfering with complainant's right to discontinue the one hour service. It may discontinue the service if it desires, but may not inaugurate a program which will have the effect of increasing its minimum charge."

Before us, complainant has taken a different view as to the purpose and effect of her proposed operating change. In her brief she concedes that the Administrator may properly prevent her from charging 15 cents for less than one hour parking, but affirms that what she wants to do is to continue the one-hour service and to prevent anyone from parking one hour or less, "insofar as it is possible for her to do so." This might be accomplished by putting up a conspicuous sign stating that the lot will not accept parkers for only one hour or less, and by instructing the attendant to enforce this policy by inquiring of each prospective parker how long he plans to leave the car there and turning away all short-term parkers. It is recognized that occasionally a short-term parker may get in by misrepresenting his intention as to length of stay; occasionally a parker who expects to leave his car more than an hour may change his mind and reclaim the car within less than an hour; occasionally the attendant, rather than incur the ill will of a regular all-day parker, may in a particular instance accept such customer's car for an avowed half-hour stay. These are practical difficulties with the proposal, which complainant may wrestle with if she chooses; for the regulation does not prohibit complainant from enforcing, so far as she can, the policy of turning away short-term parkers. It may prove to be impossible for complainant to discontinue entirely the one-hour parking service; and counsel for complainant conceded at the oral argument that, in all instances where a car in fact is reclaimed within an hour, the lawful price for the service is 10 cents, not 15 cents. Though complainant is at liberty under the regulation to discourage short-term parking, she runs the risk of inadvertent violations, and

consequent enforcement actions, especially if she discontinues the punch card system for recording the exact time at which cars are received for parking.

Thus, the regulation validly forbids complainant to institute a single flat 15-cent rate for all parking, whether for less or more than an hour; and the complaint must be dismissed if it is to be construed as an attack on the regulation on this score. On the other hand, if the regulation is challenged on the ground that it forbids complainant to announce that short-term parkers will not be accepted and to reserve the parking lot so far as possible for the use of patrons who wish to park for more than an hour, the answer is that the regulation contains no such prohibition, and in this view also the complaint must be dismissed.

A judgment will be entered dismissing the complaint.